IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:14CR87**

**TROY ANTHONY DARCY WHARTON,**

Petitioner.

**MEMORANDUM OPINION**

Troy Anthony Darcy Wharton, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 37).[1] Wharton contends that he experienced ineffective assistance of counsel[2] in conjunction with his sentencing. Specifically, Wharton demands relief because:

| | |
|---|---|
| Claim One: | "Petitioner's Sixth Amendment right to the effective assistance of counsel was violated. Petitioner was erroneously sentenced. The [(A)] criminal history and [(B)] and base offense level were predicated on incorrect and inaccurate information, which increase[d] petitioner's sentencing exposure." (*Id.* at 4.) |

The Government has responded, asserting that Wharton's claim lacks merit. (ECF No. 43.) Wharton has filed a Reply. (ECF No. 48.) For the following reasons, Wharton's § 2255 Motion (ECF No. 37) will be DENIED.[3]

---

[1] The Court employs the pagination assigned to Wharton's submissions by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Wharton's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] Wharton has also filed a Motion for Extension of Time to file his Reply. (ECF No. 46.) By Memorandum Order entered on March 4, 2016, the Court granted the Government's Motion for an Extension of Time to respond to Wharton's § 2255 Motion and deemed the Government's response to be timely filed. (ECF No. 47, at 1.) The Court also granted Wharton an extension of twenty days from the date of entry thereof to file any reply. (*Id.*) Wharton filed his Reply on

## I. PROCEDURAL HISTORY

On June 26, 2014, a grand jury charged Wharton with possession with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii). (Indictment 1, ECF No. 10.) On August 4, 2014, Wharton pled guilty to the one-count Indictment. (Plea Agreement ¶ 1, ECF No. 14.) In the Statement of Facts accompanying Wharton's Plea Agreement, the "parties stipulate[d] and agree[d] that on May 31, 2014, WHARTON possessed with the intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance." (Statement of Facts ¶ 7, ECF No. 15.)

Prior to sentencing, the Probation Officer prepared a Pre-Sentence Investigation Report ("PSR," ECF No. 18.) In the PSR, the Probation Officer stated: "It should be noted that on August 29, 2014, United States Attorney Angela Mastandrea-Miller provided this officer with a lab report, which revealed that the defendant was in possession of 836.8 grams of cocaine base, not cocaine hydrochloride. This figure was used in determining the defendant's guideline range." (PSR ¶ 7.) The Probation Officer determined that Wharton's base offense level was 32, based upon an offense involving at least 280 grams but less than 840 grams of cocaine base. (Id. ¶ 13.) With a three level reduction for acceptance of responsibility, Wharton's total offense level was 29. (Id. ¶¶ 20–22.) Wharton's criminal history placed him into Criminal History Category II. (Id. ¶ 29.) Using these findings, the Probation Officer determined that Wharton's Sentencing

---

March 22, 2016. (Reply 7); see also Houston v. Lack, 487 U.S. 266, 276 (1988) (prisoner document considered filed on the date prisoner places it in the prison mail system for mailing to the court). Because Wharton's Reply was filed within the twenty days provided by the Court's March 4, 2016 Memorandum Order, Wharton's Motion for Extension of Time will be DENIED AS MOOT.

Guidelines range was 97 to 121 months of incarceration, with a mandatory minimum sentence of five years. (*Id.* ¶ 56.)

Counsel for Wharton filed an objection to the Probation Officer's computation of the offense level. (ECF No. 20, at 1.) Counsel indicated that the lab report upon which the Probation Officer had relied "ha[d] not been filed with the Court or presented to the defendant." (*Id.*) Counsel also argued that Wharton was entitled to enforcement of the "agreement that the defendant would be sentenced for possessing more than 500 grams of cocaine hydrochloride." (*Id.* at 2.)

On November 4, 2014, the parties appeared before the Court for a sentencing hearing. (*See generally* Nov. 4, 2014 Tr., ECF No. 50.) During the hearing, counsel for Wharton raised his objection to the computation of Wharton's offense level. (Nov. 4, 2014 Tr. 4–8.) The Court concluded that because Wharton's Statement of Facts referred to cocaine hydrochloride and was incorporated into Wharton's Plea Agreement, Wharton would be "sentenced under the powder cocaine guidelines." (Nov. 4, 2014 Tr. 17.) The Court concluded that Wharton's offense level was 24, and that Wharton's criminal history placed him into Criminal History Category II. (Nov. 4, 2014 Tr. 19–20.) Wharton's Sentencing Guidelines range called for 57 to 71 months of incarceration, with a mandatory minimum sentence of five years. (Nov. 4, 2014 Tr. 20.) Wharton's sentencing hearing was continued to allow counsel to discuss with Wharton the potential ramifications of his guilty plea on his immigration status. (Nov. 4, 2014 Tr. 25–29.)

On January 15, 2015, the parties appeared before the Court to conclude Wharton's sentencing hearing. (*See generally* Jan. 15, 2015 Tr., ECF No. 40.) On that date, the Court entered judgment against Wharton and sentenced him to 71 months of imprisonment. (J. 2, ECF No. 27.) Wharton did not appeal.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim One (a), Wharton faults counsel for failing to object to the Probation Officer's use of "incorrect and inaccurate information" to determine Wharton's criminal history category. (§ 2255 Mot. 4.) According to Wharton, counsel should have objected to the Probation Officer's assignment of one criminal history point to Wharton's 2013 conviction for possession of cocaine and possession of drug paraphernalia in Case Number 11CRS55000 in the Superior Court for Craven County, North Carolina ("Superior Court"). (Mem. Supp. § 2255 Mot. 5–11, ECF No. 38; *see also* PSR ¶ 27.) Wharton contends that this conviction should not have been assigned any points because he was sentenced to a term of probation. (Mem. Supp. § 2255 Mot. 8.) As discussed below, Wharton's claim is meritless.

In 2011, in the Superior Court, Wharton was charged with possession of cocaine, possession of drug paraphernalia, and two counts of resisting a public officer. (PSR ¶ 27.) The two counts of resisting a public officer were dismissed. (*Id.*) On January 23, 2013, Wharton was sentenced to twelve months of probation for possession of cocaine and possession of drug paraphernalia. (*Id.*) Wharton violated his probation on July 22, 2013, when he tested positive for drugs. (*Id.*) Wharton completed his probation on January 23, 2014. (*Id.*)

The Probation Officer assigned one criminal history point to this conviction under section 4A1.1(c) of the Sentencing Guidelines, which states: "Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection." *United States Sentencing Guidelines Manual* § 4A1.1(c) (U.S. Sentencing Comm'n 2013) ("USSG").[4] The term "prior sentence" refers to "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). "Subsections (a), (b), and (c) of § 4A1.1 distinguish confinement sentences longer than one year and one month, shorter confinement sentences of at least sixty days, and all other sentences, such as confinement sentences of less than sixty days, probation, fines, and residency in a halfway house." *Id.* § 4A1.1 cmt. background. Because Wharton received probation for this conviction, the Probation Officer properly assigned one criminal history point under § 4A1.1(c). Any argument by counsel otherwise would have been meritless, and counsel cannot be faulted for failing to raise a meritless claim. *See United States v. Moore*, 934 F. Supp. 724, 731 (E.D. Va. 1996). Because Wharton has failed to demonstrate deficient performance of counsel or resulting prejudice, Claim One (a) will be DISMISSED.

---

[4] Subsection (a) provides for the assignment of "3 points for each prior sentence of imprisonment exceeding one year and one month." USSG § 4A1.1(a). Subsection (b) provides for the assignment of "2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)." *Id.* § 4A1.1(b).

In Claim One (b), Wharton faults counsel for failing to object to the Probation Officer's use of "incorrect and inaccurate information" to determine Wharton's base offense level under the Sentencing Guidelines. (§ 2255 Mot. 4.) According to Wharton, counsel should have objected to the Probation Officer's use of the base offense levels relating to cocaine base, rather than those relating to cocaine hydrochloride, in the calculation of Wharton's Guidelines range. (Mem. Supp. § 2255 Mot. 11–15.) As set forth below, Wharton's claim clearly lacks merit.

As previously noted, the Court agreed with counsel that because Wharton's Statement of Facts, which referred to cocaine hydrochloride, was incorporated into Wharton's Plea Agreement, Wharton would be "sentenced under the powder cocaine guidelines." (Nov. 4, 2014 Tr. 17.) With a base offense level of 24, and a Criminal History Category of II, Wharton's guidelines range called for 57 to 71 months of incarceration, with a mandatory minimum sentence of 60 months. (Nov. 4, 2014 Tr. 20.) The Court sentenced Wharton to 71 months of imprisonment. (J. 2.)

Clearly, counsel successfully objected to the Probation Officer's determination of Wharton's guidelines range using the guidelines applicable to offenses involving cocaine base. Wharton simply cannot demonstrate deficiency of counsel or resulting prejudice with respect to the determination of his base offense level. Accordingly, Claim One (b) will be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Wharton's § 2255 Motion (ECF No. 37) will be DENIED. Wharton's Motion for Extension of Time (ECF No. 46) will be DENIED AS MOOT. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 11/14/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

7